(No. 4015 ▮▮▮▮▮▮▮▮▮▮

CLAUDIA LAYMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

ROY A. PTACIN, for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

On January 25, 1947, the claimant, Claudia Layman, employed at the Chicago State Hospital as an attendant, received an injury to her left hand by being struck on said hand with the heel of a shoe by a patient she was attempting to subdue.

The injury was immediately reported to her superior in said institution and claimant was immediately sent to the employee's hospital. X-rays were made of the left hand which divulged a fracture of the proximal end of the 5th metacarpal. Her left hand was immobilized with splints. She returned to work on the 11th day of March 1947 and during the time of her recuperation period, was paid her full salary. The record discloses that during the year next preceding the injury, claimant was on leave of absence twice and the amount earned by her during that year aggregated $1,189.00.

It is stipulated, however, in the record, that employees in the same line of employment who worked a full year, received $1,740.00. It is further stated that all first aid, medical and hospital services were provided claimant by respondent.

There being no jurisdictional question raised on the part of the respondent, the only issue to be decided by this court is the nature and extent of the injuries received by claimant on January 25, 1947, and an adjudication between the amount of money paid to her for unproductive work and the amount she would be entitled to receive as

temporary total compensation during the time she was recovering from said injuries.

Claimant testified that as a result of using her left hand since the injury, it becomes sore and stiff; that the 4th and 5th fingers are stiff along the outer edge to the wrist bone. She further testified that she was unable to do all her usual tasks about her home due to this stiffness of the hand and that she cannot lift anything, cannot sweep by using a broom, and could not wring clothes as she had been able to do prior to the accident.

Dr. Albert C. Fields was called as a witness on behalf of claimant and testified that he had examined the injured hand which disclosed some deformity at the 5th metacarpal carpal articulation. The 5th finger, he testified, is held in a somewhat flexed deformity, limitation of extension about 35 degrees. He said there was practically no flexion in the mid-phalangeal joint. In motion, she lacked about an inch of bringing the tip of the finger to the palm of the hand. There is also some restriction of movement in the phalangeal joint of the other fingers. He testified he took X-rays of the injured hand which were introduced in evidence and stated that they disclosed evidence of a bony injury, and an impacted comminuted fracture at the proximal end of the 5th metacarpal; that there was considerable deformity present at the site of the fracture.

Dr. Louis Olsman was called on behalf of the respondent; he testified that X-rays taken by him revealed a fracture at the proximal head of the left 5th metacarpal with some deformity and separation of the proximal fragment. He testified that repeated X-rays taken at intervals after the injury showed healing to be progressive. The claimant, he said, was given physiotherapy in the course of her convalescence. He testified

that at present, the patient has evidence of tenderness at the base of the left 5th finger at the 5th metacarpal carpal articulation; that there was a modified degree of contracture of the left 5th finger with limitation of complete flexion to within a half inch of the palm. That there was to a lesser degree, a limitation of flexion of the left 4th finger to within a quarter of an inch of the palm. Dr. Olsman in response to a question testified that there was about 30 degrees of full extension of the 5th finger of the injured hand.

The record discloses that at the time of the injury, claimant was 44 years of age, was married and had no children under 16 years of age dependent upon her for support. The report of the Department of Public Welfare filed herein, discloses that claimant was paid her full salary at the rate of $145 a month for January, February, and March 1947.

Upon full consideration of this record, we make the following findings: that the average weekly wage of claimant is $33.45 based on the annual earnings of employees in like employment and that her weekly compensation rate at the time of injury was $18.00. We find from the medical testimony that claimant has sustained a 30% permanent loss of use of her left hand and that she is entitled to an award of 51 weeks at $18.00 or the sum of $918.00.

The record discloses that she was incapacitated for work from January 25 to March 12, 1947 being six weeks three days for which she was entitled to receive the sum of $115.71 as temporary total compensation. She was paid full salary during that time in the sum of $222.18 being an overpayment of $106.47 which must be deducted from the award.

An award is therefore hereby entered in favor of

claimant, Claudia Layman, in the sum of Eight Hundred Eleven Dollars ($811.53) Fifty-three Cents payable as follows: of this amount, $486.00 has accrued as of September 17, 1947 being 27 weeks lapsed from the date of temporary total disability. The remainder of the award, amounting to the sum of $325.53 is payable to claimant at $18.00 per week commencing on September 24, 1947.

A. M. Rothbart, Court Reporting Service, Chicago, Illinois, has entered a bill in the sum of $49.10 for taking and transcribing the testimony in this case. The court finds this charge to be fair, reasonable, and customary and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees''.